**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 08 CR 223 |
| | ) | |
| v. | ) | Hon. Virginia Kendall |
| | ) | United States District Judge |
| HAROLD PERKINS, *et al.* | ) | |

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court to enter an order directing that all materials produced to defendants in this case, including applications, orders, and affidavits which must be disclosed to the defendants and defense counsel, as contemplated by Title 18, United States Code, Section 2518(9), as well as reports and other materials to be disclosed as part of the government's discovery obligations in this case, be subject to a protective order. In support of this motion, the government states as follows:

1. On March 17, 2008, four defendants were arrested pursuant to arrest warrants issued in the above referenced case. On July 2, 2008, five defendants were indicted in the above referenced case. The arrests and indictments followed an investigation which included the interception of certain wire communications pursuant to orders signed by then-Chief Judge Charles P. Kocoras as well as Chief Judge James Holderman in accordance with Title 18, United States Code, Section 2518.

2. Under Title 18, United States Code, § 2518(9), the contents of an intercepted wire communication shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made. At the present time, those orders, applications, and affidavits are under seal. However those documents have

been produced to certain defendants in accord with Title 18, United States Code, Section 2518(9). The government has also produced recordings, line sheets and transcripts of the intercepted communications, as well as voluminous other law enforcement reports detailing the investigation in this case, pursuant to the government's discovery obligations in this case. The government requests that the Court enter the attached draft protective order covering materials produced in this case due to the sensitive law enforcement content of these materials as well as information pertaining to unindicted third parties.

    3.    In addition, there are safety concerns related to confidential sources in this case who are mentioned in the applications, affidavits, and court orders for interception of wire communications.

    4.    The government requests that the documents produced in this case be disclosed to defendants and their counsel subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that upon conclusion of the trial and any appeals of this case or the earlier resolution of charges against the defendant, all such materials and all copies made thereof shall be destroyed or returned to the United States; (e) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above; and (f) that violation of this Order may result in the imposition of civil

and criminal sanctions.

    WHEREFORE, the government respectfully moves this Court to enter the attached protective order directing that materials produced by the government in this case be handled in the manner indicated in the order.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:    /s Maureen E. Merin
       Maureen E. Merin
       Assistant United States Attorney
       219 South Dearborn Street, Suite 500
       Chicago, Illinois 60604
       312-353-1457

**CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney hereby certifies that the following document:

**GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER**

was served on July 31, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. 5, LR 5.5, and the General Order on Electronic Case Filing ("ECF") pursuant to the district court's system as to ECF filers.

<pre>                              s/ Maureen Merin
                              MAUREEN E. MERIN
                              Assistant United States Attorney
                              219 S. Dearborn Street, 5th Floor
                              Chicago, Illinois 60604
                              (312) 353-5300</pre>